UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,

v.

DENTIST COOLEY,

                                             /

No. C 13-2205 SI (pr)

**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**

       Jimmie Stephen, an inmate at San Quentin State Prison, has filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

       A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

       For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories

can be counted as strikes for § 1915(g) purposes, so the mere fact that Stephen has filed dozens of cases in the several federal courts in California does not alone warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Stephen v. Silverman*, N. D. Cal. Case No. C 10-496 SI (dismissed as frivolous); (2) *Stephen v. Reinhardt*, N. D. Cal. Case No. C 10-349 SI (dismissed as frivolous); (3) *Stephen v. Zulfacur*, S. D. Cal. Case No. 93cv1943 R (RBB) (dismissed for failure to state a claim upon which relief may be granted); (4) *Stephen v. Hernandez*, S. D. Cal. Case No. 06cv0171 L (WMc) (dismissed for failure to state a claim upon which relief may be granted; and (5) *Stephen v. Shelar*, S. D. Cal. Case No. 06cv1054 LAB (WMc) (dismissed for failure to state a claim upon which relief may be granted).

In light of these dismissals, and because Stephen did not appear to be under imminent danger of serious physical injury when he filed the complaint, he is ORDERED TO SHOW

CAUSE in writing filed no later than **October 10, 2013,** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, Stephen may avoid dismissal by paying the full $350.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: September 4, 2013

_____
SUSAN ILLSTON
United States District Judge